*318 OPINION of the Court, by
Ch. J. Boyle.
Qn the jsth of May 1807, Stafford filed his bill against Lewis a!1!^ Price, in which he in substance alleges, that on the 15th of August 1787, Lewis lent him the sum of 54/. until the last day of September of that year, and taking advantage of his necessitous circumstances extorted from him for the loan an agreement to pay the usurious sum of 7l. making together with the principal 611.; to KCCuret'ie payment of which, he executed to Lewis a bond for the conveyance of 300 acres of land, on which was endorsed a memorandum, that if he paid the sum aforcssfd, on or before the day stipulated for the pay-mcht, the bond should be delivered up to him. He char-ges that shortly after the time when he was to have made the payment aforesaid^ Lewis sold the land for 258/. or upwards, to Price, who had full knowledge of all the transactions, and that he having only an equitable ¿¡(⅛ derived from one Hays, Lewis and Price without his knowledge or consent contrived to procure an absolute deed of conveyance to be made by Hays to Price. He furthermore alleges that lie was extremely indigent, and unable to procure until recently before the filing of the bill a copy of the bond and memorandum, and prays that he may be permitted to redeem upon paying tha *319 and for general re- °* Sum borrowed and legal interest, lief.
In May *807 Stafford ™hi-b "^⅛ and Price for relief, charging ^ &c.
Price denied anfwered flvely „ ,0⅛“ ufury, and au f°!e’vPrice> had accepted “
p being a pur. without Uníf1 h°ld
That Lewis’» anfwer being *:vl*five’Aal1 million of the ufury:
„ ¡tfor¡g¡„ onac_ count of the com** aiíd by the agreement of s“ffu.rd e¡on, and the there-,
ofequityasweii as a cou« «f hJ( ¡imitations s
Lewis in bis answer admits he lent to Stafford a sum of money, but says he does not remember the amount, nor what interest was reserved.
He admits also the execution of the bond with the memorandum endorsed thereon, but contends tjiat it was not intended to operate as a mortgage, but as a sale to become absolute upon a failure to make payment by the time stipulated. He furthermore alleges, that after he had sold to Price, he paid to Stafford, who was complaining of the hardship of his case g 100, which he agreed would satisfy him ; and he relics upon the length of time as a bar tokrelief against him.
Price admits be purchased of Lewis, but denies having any knowledge of the terms of the contract between Lewis and Stafford. He aileges that the deed was made to him by the direction of Stafford, and also relies upon the great lapse of time.
Tiie suit having abated as to Lew’is by his death, was revived in the name of his executrix and devisee, and on a final hearing the bill was dismissed as to Price, and a decree pronounced against the executrix of Lewis, qtiiring her to pay the amount received from Price vitir-interest, deducting the amount Lewis liad paid to Stafford. From that decree site has appealed to this court,
The answer of Lewis with respect to the charge of usury, is evidently evasive ; and as the tact, irom the nature of the transaction, must be within his knowledge, it must, according to a current of decisions by this court, be taken as admitted. Assuming this to be the case, there could be no doubt, if the lapse of time were not to operate as a bar, that Stafford w ould be entitled to- the relief given him by the court below: for as the bond was void, all that was received in virtue of it by Lewis above the sum lent and legal interest, was so much received to the use of Stafford. IN, or do we conceive that the subsequent payment of g 100 to Stafford could prevent him from treating the bond as a nullity : for a contract not merely voidable, but absolutely void, cannot he ratified or confirmed by any subsequent transaction between the parties so as to become obligatory.
As to the effect of the lapse of time, a wide difference qf opinion was maintained by the counsel on each side, Ón the part of Stafford it w as contended that no period *320 short of twenty years would preclude him from a recov* ery; while on the other side it was urged that five years is a conclusive bar.
'utTn'in'thiá t»fe Ufiv”, & not 3.0 jean,
Supposing the case stript of any connection with the redeem the land, and the suit to have been brought originally against Lewis alone, to obtain the relief which the court below has granted, the position contended for on the part of the appellant would be unquestionably correct: for in that case the demand would have been merely pecuniary in its nature, for which an action at law for money had and received, as well as a bill in equity, would lie; and as the lapse of five years Would be a bar to the former, it would be equally" so to the latter mode of relief: for a court of equity is no less bound by the statute of limitations than a court of law.
But it is contended on the part of Stafford that th« case as against Lewis ought not to be considered unconnected with the case against Price, and that if he has shown a right to redeem or reclaim the land in the hands of the latter as a purchaser with notice, which he may do at any time within twenty years, Lewis or his representative can have no cause to complain of the decree in this case on the score of the lapse of time: for say the counsel for Stafford, if the court had decreed the land to Stafford, Lewis would have been liable over to Price to the same or a greater extent than he has been made liable to Stafford by the decree of the court below, and that such relief might have been decreed to Price.
This argument is clearly fallacious both in its premises and conclusion. The whole of it is predicated upon the idea of the right of Stafford to-reclaim the land in the hands of Price ; but there is certainly nothing in the record to justify such an idea. >Vc do not indeed suppose that the decree dismissing the bill against Price, would, as was contended in argument for the appellant, preclude an inquiry as between Lewis and Stafford into the facts upon w hich that decree is founded, if the consequences attempted to be deduced by the other side would follow from such an inquiry. A judgment or decree is conclusive evidence (of the facts upon which it is founded, as between the parties to it; but never concludes a person not a party, and consequently cannot be evidence in favor of such a person. But an inquiry into the facts of the case cannot result in a conclusion favorable to Stafford's right to reclaim the land.
*321 Price is admitted by the bill to be a purchaser for a valuable consideration, and he expressly denies that he had any knowledge of the terms of the contract between Lewis and Stafford. Without proof, therefore, to establish the fact, he must be deemed a purchaser without notice; and there is not a particle of evidence in the canse to that effect. On the contrary, it is pretty satisfactorily shown that the deed was made to Price by the directions and consent of Stafford.
But admitting Stafford’s right to a decree for the land against Price, and that the court below had decreed accordingly, it would not follow that Price would be entitled to relief over against Lewis : for as Lewis did not Undertake to warrant the title to Price, if he is liable at all, it must be on the ground of a fraud in pretending to have right when he liad none. But to relief on that ground the lapse of five years would be an insuperable objection, unless indeed Price was ignorant of the fraud until within less than five years. before lie set up his claim to such relief. But as the decree against him could only be founded upon his having obtained a knowledge of the fraud before he received a conveyance, he could not avoid the effect of the lapse of time on that ground. It results, therefore, that in whatever point of view the case may be considered, the lapse of five years affords a protection to Lewis from any responsibility.
The decree is therefore erroneous and must be reversed with costs, and the cause remanded that the bill may be dismissed with costs.